Case 8:17-cv-00213-SCB-MAP   Document 23   Filed 05/03/17   Page 1 of 3 PageID 104

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. COMMODITY FUTURES
TRADING COMMISSION,

      Plaintiff,

vs.                                 Case No. 8:17-cv-213-T-24-AEP

ANTHONY J. KLATCH II;
LINDSEY HEIM; &
ASSURANCE CAPITAL
MANAGEMENT, LLC,

      Defendants.
_____/

## **ORDER**

This cause comes before the Court on Defendant, Anthony J. Klatch II's motion for extension of time for Plaintiff, the U.S. Commodity Future Trading Commission (the "Commission"), to seek a default judgment and extension of time for Klatch to respond to the complaint (Doc. 15) and the Commission's response thereto (Doc. 19). Upon review, Klatch's motion is **DENIED**.

The Commission initiated this action on January 26, 2017, alleging that Klatch, at times using Defendant, Assurance Capital Management LLC ("Assurance"), and at times working with Defendant, Lindsey Heim, defrauded at least 11 individuals and entities through at least three separate fraudulent schemes. (Doc. 1). Klatch was served with the complaint on February 1, 2017, while Klatch was in the custody of Miami-Dade County Corrections. (Doc. 8). Klatch failed to respond to the Commission's complaint, and a Clerk's default was entered against Klatch on March 1, 2017. (Doc. 10).

On March 13, 2017, this Court extended the time for the Commission to apply for a

default judgment against Klatch until no more than 30 days after the later of (1) a final adjudication against all non-defaulting Defendants, or (2) the expiration of the final deadline for any Defendant to respond to the complaint. (Doc. 13). Clerk's defaults were subsequently entered against Assurance and Heim, the remaining Defendants. (Docs. 17, 20).

On March 27, 2017, Klatch filed the instant motion.[1] Klatch seeks a 180-day extension of the Commission's deadline to file for default judgment against Klatch and a 180-day extension to respond to the Commission's complaint. Pursuant to Middle District of Florida Local Rule 1.07(b), the Court may enter an order extending the deadline for seeking a default judgment "on reasonable application with good cause shown." Klatch argues that he is entitled to an extension of the default judgment deadline based on his upcoming sentencing in a related criminal matter currently pending in the Middle District of Florida, in which he accepted a plea deal. According to Klatch, his sentencing in that matter will require him to make full restitution to the victims of his fraudulent scheme. He asserts that this is that same amount which the Commission seeks to recover in this case. Thus, Klatch argues that the deadline for the Commission to move for default judgment should be extended until after he sentenced in his criminal case—which he believes will happen within 180 days.

Klatch has failed to provide any valid reason for why the Court should extend the deadline for the Commission to move for default judgment. *See United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) ("A court must stay a civil proceeding pending resolution of a related criminal prosecution only when special circumstances so require in the interest of justice." (citation and internal quotations omitted)). The Court is not

---

[1] In his motion, Klatch indicates that he moves "on behalf of all Defendants." However, Klatch is not an attorney and cannot represent the other Defendants. The Court will construe Klatch's motion as seeking relief only for himself.

convinced that the mere existence of parallel criminal and civil proceedings is good cause to delay the entry of default judgment in this matter. *See Pellegrino v. Wengert*, 147 F. Supp. 3d 1379, 1381 (S.D. Fla. 2015). In fact, the Court has already extended the deadline for the Commission to seek a default judgment against Klatch until no more than 30 days after the later of (1) a final adjudication against all non-defaulting Defendants, or (2) the expiration of the final deadline for any Defendant to respond to the complaint. (Doc. 13). The Court finds that Klatch has not provided any reasons to warrant a further extension.

Moreover, Klatch argues that he is entitled to an extension of time to respond to the complaint because while he received a copy of the complaint on February 1, 2017, his legal paperwork was withheld during his transport to the Pinellas County Jail on February 8, 2017 and he did not regain possession of the complaint until March 17, 2017. He further asserts that because a criminal complaint is pending against him, his response to the complaint in this matter could be used against him in the criminal matter. However, a default has already been entered against Klatch. (Doc. 10). The Court cannot extend the deadline for Klatch to respond to the complaint as there is currently no pending deadline for the Court to extend. Klatch must file a motion to set aside the default pursuant to Federal Rule of Civil Procedure 55(c) before the Court can extend the deadline for him to respond to the complaint.

Accordingly, it is hereby ORDERED AND ADJUDGED that Klatch's motion for extension of time for the Commission to seek a default judgment and extension of time for Defendant's to respond to the complaint is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of May, 2017.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

3